IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES MARTEL FRAZIER, | * | |
| Petitioner, | * | |
| v. | * | Criminal Action No. RDB-19-0209 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Petitioner James Martel Frazier ("Frazier" or "Petitioner") was arrested in April 2019 for his involvement in a multi-defendant drug conspiracy responsible for trafficking large amounts of narcotics in Maryland and Delaware. (Plea Ag't 11, ECF No. 69.) On November 12, 2019, Frazier pled guilty to (1) conspiracy to distribute and possess with intent to distribute heroin (100 grams or more), fentanyl (40 grams or more), cocaine (500 grams or more), and crack cocaine (28 grams or more); (2) possession with intent to distribute heroin (100 grams or more), cocaine (500 grams or more), and crack cocaine (28 grams or more); and (3) possession of a firearm in furtherance of a drug trafficking crime. (*Id.* at 2–3.) On February 10, 2020, he was sentenced to 135 months' imprisonment. (J. 1-2, ECF No. 87.)

On April 12, 2022, Frazier filed a Motion for Compassionate Release claiming that his health conditions render him uniquely susceptible to COVID-19. (Frazier Mot. Comp. Release ("Frazier MCR") 3-4. ECF 141.) The Petitioner's motion has been reviewed and no hearing is

necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Petitioner's motion is **DENIED**.

## BACKGROUND

Throughout 2018, law enforcement with the Dorchester County Narcotics Task Force (DCNTF) and Homeland Security Investigations (HSI) conducted an investigation into the trafficking of significant amounts of narcotics. (Plea Ag't 11.) During the investigation, law enforcement officials employed a range of investigative techniques, "including physical and electronic surveillance, search warrants, and court-authorized wiretaps." (*Id.*) The investigation revealed that Frazier had significant involvement in the organization. (*Id.*) Accordingly, investigators obtained judicial authorization to conduct wiretaps of his communications. (*Id.*) "Intercepted communications, as well as physical and electronic surveillance of [Frazier] and his co-conspirators, showed that [he] personally distributed significant quantities of drugs and that he worked with others, including his co-defendants, to distribute drugs on the conspiracy's behalf." (*Id.*)

On February 23, 2019, investigators executed a series of search warrants at locations including an apartment in Federalsburg, Maryland, and two residences in Seaford, Delaware, in an attempt to recover drugs and drug-trafficking proceeds. (*Id.*) The searches collectively resulted in the seizure of over 250 grams of controlled substances containing a mixture of fentanyl and heroin; over 250 grams of cocaine base ("crack" cocaine); over 400 grams of methamphetamine; and over a kilogram of cocaine. (*Id.*) Additionally, four firearms were

recovered from the Delaware residences. (*Id.*) Frazier was indicted and arrested in April 2019. (Initial Appearance, ECF 10.)

On November 12, 2019, Frazier pled guilty to all charges in the indictment, including (1) conspiracy to distribute and possess with intent to distribute heroin (100 grams or more), fentanyl (40 grams or more), cocaine (500 grams or more), and crack cocaine (28 grams or more); (2) possession with intent to distribute heroin (100 grams or more), cocaine (500 grams or more), and crack cocaine (28 grams or more); and (3) possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 69 at 1.) In his Plea Agreement, Frazier admitted that he was a "significant trafficker of the aforementioned drugs," that he "personally distributed significant quantities of drugs," and that he "worked with others . . . to distribute drugs on the conspiracy's behalf." Frazier further admitted that he possessed two of the firearms discovered in the searches in furtherance of the conspiracy's drug trafficking activities. (*Id.* at 11.)

The advisory United States Sentencing Guidelines recommended a sentence of 12.5 to 15.5 years' imprisonment on the conspiracy and possession charges, with an additional 5 years' imprisonment for the violation of 18 U.S.C. § 924(c), to be served consecutively. (*Id.* at 3) In Frazier's Plea Agreement, the Government agreed to a sentence of 135 months, or 11.25 years, just below the advisory Guidelines range. (*Id.* at 6–7.) This Court imposed the agreed-upon sentence on February 10, 2020. (J. 1-2, ECF No. 87.)

Petitioner filed his first Motion for Compassionate Release on May 8, 2020, at the peak of the Covid-19 pandemic, citing health concerns; this Court denied that motion. (Order, ECF No. 106 *SEALED*.). Petitioner filed a renewed Motion for Compassionate Release on January 21, 2021, again citing health concerns associated with the pandemic; this Court denied

the renewed motion as well. (Order, ECF No. 127 *SEALED*.) The Petitioner now filed, for the third time, a Motion for Compassionate Release on April 12, 2022. (ECF No. 141.)

Petitioner's Motion is ripe for review.

## ANALYSIS

Frazier has filed a Motion for Compassionate Release (ECF No. 141), alleging that his medical conditions render him uniquely susceptible to the continued spread of COVID-19. The First Step Act of 2018 permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). Frazier makes neither showing.

    A.  Administrative Exhaustion Requirements

Frazier makes no mention of the administrative exhaustion requirement and offers no evidence of an attempt to exhaust his administrative remedies, suggesting that his motion must be denied on its face. 18 U.S.C. § 3582(c)(1)(A). (ECF No. 141.) However, the Government does not contest Frazier's instant motion, and Frazier exhausted his administrative remedies as to a separate motion for compassionate release that he filed on May 8, 2020. (ECF No. 99, at 2.) Accordingly, the issue of administrative exhaustion as to Frazier's motion is waived, and this Court shall consider the merits of this motion in the interest of efficiency. *See United States*

*v. Muhammad*, 16 F. 4th 126, 129 (4th Cir. 2021) ("Because the [exhaustion] requirement is not jurisdictional, it may be waived or forfeited.").

    B.  <u>Extraordinary and Compelling Reasons</u>

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not an "applicable policy statement" for compassionate release motions filed by a defendant in the wake of the First Step Act). As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord McCoy*, 981 F.3d at 281 (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'"). Exercising that discretion, this Court has continually affirmed that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

Petitioner presents three issues as to why he should be released: his physical ailments, his daughter's illness, and his uncle's need for assistance. As to his physical condition, this

Court has already ruled that Mr. Frazier does not qualify for compassionate release, even during the height of Covid-19, in a pre-vaccine era. (Mem. Order 6–8, ECF No. 107.) Though current case law now supports Frazier's original position that his obesity and associated health issues warrant extraordinary circumstances[1], as this Court previously held, Frazier does not qualify for a sentence reduction after weighing the factors presented in 18 U.S.C. § 3553(a)[2]. Furthermore, the instant motion contains only a brief mention of "type 2 diabetes…high blood pressure, asthma and hepatitis A and B." (ECF No. 141 at 1-2.) Without any additional supporting evidence to corroborate these medical concerns or to demonstrate how they might contribute to COVID susceptibility, the Court will not consider compassionate release on these grounds.

As to Mr. Frazier's family, it is regrettable that Mr. Frazier's sister experiences difficulty with his uncle, but as she has provided care since Mr. Frazier's incarceration, her difficulties do not constitute "extraordinary circumstances." Further, Mr. Frazier's daughter has an active caregiver in her mother. Accordingly, the difficulties of Frazier's relatives, while very unfortunate, do not constitute "extraordinary and compelling reasons" for compassionate release. *See United States v. Johnson*, No. RDB-09-272, 2020 WL 3791976, at *2 (D. Md. July 7, 2020) (defendant's concern for family at home did not constitute "extraordinary and compelling reason to justify his release"); *see also United States v. Barrett*, No. CR RDB-16-0163, 2021 WL 130001, at *2 (D. Md. Jan. 14, 2021) (defendant's cited need to help care for his two

---

[1] *See United States v. Corey*, No. JKB-09-0512, ECF No. 139 at 3-4 (D. Md. Oct. 6, 2020) (34-year-old defendant established "extraordinary and compelling" reasons for compassionate release because he had a BMI of 34.7); *see also United States v. Williams*, No. PWG-19-0134, 2020 WL 3073320 (D. Md. June 10, 2020) (defendant with BMI of 32.5, established "extraordinary and compelling" reasons).
[2] ECF No. 127 at 8-9.

children suffering from severe asthma did not constitute "extraordinary and compelling reasons").

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 28th day of July, 2022, that Petitioner's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 141) is **DENIED.**

                                                               /s/
                                         Richard D. Bennett
                                         United States District Judge